Taylor, Chief-Justice,
dissented. — I understand it to be conceded on all hands, that if the action had been brought in the name of an indorsee, the days of grace would have been allowable, by force of the acts of 1762, giving negotiability, to promissory notes, and of 1786, placing single bills on the same footing with promissory notes. But the argument is, that neither instrument acquires the qualities of a bill of exchange, nor its effept, until it is indorsed, for then, only, the resemblance between the two begins, and the observations of Lord Mansfield, in 2 Bur. are quoted to establish this position. But when these remarks are duly considered, it will appear that they have no bearing on the case, and that they were made diverso intuiti. There the action *14 was brought on an - inland bill of exchange, by the iti-^0I’se0 against the indorser, and the objection on the part of the Defendant was, that a demand of payment 0lJS'ht to have been made on the drawer; in support of which, some cases on promissory notes were cited, iu which that assertion was made. To shew its correctness as to promissory notes, in which the indorser is considered as the drawer, arid its incorrectness as to bills of exchange, in tiie case under consideration, it become necessary to trace the resemblance between them from its beginning, in order to mark, with precision, the liability of the different parties, and thereby to shew that a demand upon the drawer of a bill of exchange was unnecessary. But what were the incidents or qualities of a promissory no(e, before indorsement, it is perfectly clear that the Judge intended to intimate no opinion upon. The form of a declaration on a note made negotiable by the statute, when a suit is brought by a payee against the maker, removes all doubt on that subject •, it is there stated that the maker became liable by reasou-of the note, ami by force of the Statute 3 Morgan 24. 1 Went. 331; showing, beyond controversy, that if it be negotiable, the statute affects it, and impresses it with certain qualities even before it is negotiated ; whereas, if it be not a note within the statute, as being payable in any thing but money, a consideration must be stated and proved, as in any other common law assumpsit; for, before the statute of 3 8¡- 4 Ann, no action could be maintained, expressly, on a note, even for the payment of money, without declaring on it as a special agreement, and setting forth the consideration. — (5 Term. 482.) The statute seems to have-designed to assimilate promissory notes of a certain description, to hills of ex- ' change, as far as the different nature of the instruments will admit of it, and I cannot perceive why the days of grace should be allowed as against the indorsee, and disallowed as against the payee $ why the latter, by force *15 of the general words, should be considered as transferring the note, subject to an inconvenience, on the part of the indorsee, which had not attached upon it, in the hands of the payee.
This would be my opinion in the absence of any adjudged case, but it is confirmed when the only adjudged case upon the subject is strictly in point. In Smith v. Kendall, the action was brought by the payee also, and it was considered so much a matter of course to allow the days of grace upon promissory notes, within the statute, that it was not even questioned j and'the only doubt was, whether a note payable to A, without adding to order, or bearer, was within the statute. That point being ascertained, it resulted at once, that the days of grace were allowed against the payee.
The case seems to have undergone much consideration, and satisfies me that the law is so settled in England. If it should he thought that these rules are unfit to be adopted here, where the pursuits of the people are so little commercial, the answer is, that a certain portion of the community is as much so, as in any other country, and that persons who receive negotiable instruments, are bound to ascertain their legal qualities ; that we have heretofore borrowed, and daily do borrow, our constructions from the same source •, and that it seems too late to object to these customs, their comr mercial nature, when wc have adopted and enforced the ■very strictest amongst them, viz : that notice of nonpayment of a promissory note, shall ho given to the in-dorser, within one day (allowing for the days of grace,) after the demand has been made upon the drawer, otherwise the indorser is discharged. — (3 Murph. 73.)